UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| TAMARA J. TOWNSEND, | Case No.: 2:20-cv-01984-APG-DJA |
|---|---|
| Plaintiff | **Order (1) Denying Without Prejudice the Defendants' Motion for Summary Judgment and Motion in Limine Regarding Dr. Rosenzweig, (2) Adopting MDL Court's Orders Regarding Experts, and (3) Directing the Parties to Propose a Schedule** |
| v. | |
| ETHICON, INC. and JOHNSON & JOHNSON, | |
| Defendants | [ECF Nos. 48, 50] |

This case is one of thousands of cases that were joined in multidistrict litigation (MDL) in the United States District Court for the Southern District of West Virginia. That court conducted the MDL litigation in waves, with this case being one of the wave 12 cases.

In their joint status report, the parties suggest withdrawing the defendants' motion for summary judgment (ECF No. 48), stipulating to dismiss with prejudice the claims plaintiff Tamara Townsend is withdrawing, and re-briefing summary judgment in a self-contained motion, opposition, and reply. ECF No. 87. I agree with this proposal, so **I deny the defendants' motion for summary judgment (ECF No. 48) without prejudice**. The parties shall file a stipulation of dismissal for the withdrawn claims by February 19, 2021. As discussed below, the parties are to confer on a schedule for the remainder of this case, which should include the timing of the new summary judgment motion.

The parties also agree to conduct supplemental briefing on the defendants' motion to limit the testimony of Townsend's expert, Dr. Rosenzweig, to be submitted in a self-contained motion, response, and reply. I agree with the proposal to file a self-contained motion raising all

arguments related to Dr. Rosenzweig. **I therefore deny the defendants' motion in limine (ECF No. 50) without prejudice.** As part of the process of conferring on the case scheduling, the parties should discuss the timing of this motion as well. As with other motions directed at experts, the refiled motion must be complete in and of itself and may not simply refer to or incorporate by reference another motion docketed elsewhere. It must attach the challenged expert's report or testimony and must cite to the particular page within the expert's report or testimony where the challenged opinion or testimony is located.

The parties did not reach a similar agreement on the pending motion in limine regarding Townsend's case specific expert, Dr. Michaels. I therefore will address that motion by separate order.[1]

In their joint status report, the parties state that they have adopted in this case the briefs from prior waves regarding both general and case specific experts. ECF No. 87. The judge presiding over the MDL, Judge Goodwin, issued several orders pertaining to the experts at issue in prior waves, but he did not issue similar orders in the wave 12 cases. Because the parties have adopted their briefing from these prior waves, and because I see no reason to depart from Judge Goodwin's orders, I adopt in this case the following orders:

- Judge Goodwin's wave 7 order adopting his wave 1 order regarding Dr. Bruce Rosenzweig (ECF Nos. 76-9, 79-10);

- Judge Goodwin's wave 4 order adopting his wave 2 order regarding Dr. Paul Michaels (ECF Nos. 76-7, 76-8);

---

[1] In the status report, the defendants request a "science day" before I rule on the motions challenging experts. ECF No. 87 at 29. I deny the request at this time without prejudice.

• Judge Goodwin's wave 4 order adopting his wave 1 order regarding Dr. Uwe Kling (ECF Nos. 76-5, 76-6);

• Judge Goodwin's wave 4 order adopting his wave 1 order regarding Dr. Jerry Blaivas (ECF Nos. 76-1, 76-2);

• Judge Goodwin's wave 5 order adopting his wave 1 order regarding Dr. Scott Guelcher (ECF Nos. 76-3, 76-4);

• Judge Goodwin's wave 3 order adopting his wave 1 order regarding Brian Flynn (ECF Nos. 76-11, 76-12);

• Judge Goodwin's wave 1 order regarding Dr. Terri Longacre (ECF No. 76-13); and

• Judge Goodwin's wave 3 order adopting his wave 1 order regarding Dr. Steven MacLean (ECF Nos. 76-14, 76-15).

Judge Goodwin did not rule on the plaintiff's motions related to the general opinions of experts Dr. Richard Wasserman and Dr. Peter Jeppson.  I will address those motions by separate order.

Judge Goodwin reserved ruling on several issues related to some of these experts, and the defendants request that I resolve those issues.  I decline to do so on the current state of the record.  The docket contains thousands of pages of briefs and expert reports in a format that does not lend itself to manageable resolution of any remaining issues regarding the experts.  Hundreds of pages have nothing to do with this case or relate to opinions that are not being challenged.  I will not parse through the thousands of pages to find the exact arguments and portions of reports or depositions that the parties contend are still at issue.

Consequently, within 45 days of the entry of this order, the parties shall confer to determine whether any further issues remain for resolution regarding the experts where Judge

Goodwin reserved ruling. If the parties determine that further motions regarding experts are required, the parties will be permitted to file only one motion per expert on only those issues that Judge Goodwin reserved ruling. Each motion must be complete in and of itself and may not simply refer to or incorporate by reference another motion docketed elsewhere. It must attach the challenged expert's report or testimony and must cite to the particular page within the expert's report or testimony where the challenged opinion or testimony is located. The motion also must attach any prior orders Judge Goodwin issued related to the expert. Failure to comply with these instructions will result in denial of the motion.

      The parties also must confer on a schedule for the remainder of the case. Within 60 days of entry of this order, the parties shall file a joint status report setting forth their proposed schedule. If the parties cannot agree, the report shall set forth their separate proposals with a brief explanation of their respective positions.

      DATED this 29th day of January, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

4